**John NICKLAS, M.D., Plaintiff–Appellant,**

v.

**Kim EAGLE, M.D.; Elizabeth Nabel, M.D.; David Humes, M.D.; Robert Cody, M.D.; Keith Aaronson, M.D.; in their individual capacity and not in their official capacity, jointly and severally, Defendants–Appellees.**

No. 99–2338.

United States Court of Appeals, Sixth Circuit.

Aug. 22, 2002.

Before NORRIS and BATCHELDER, Circuit Judges;  and FORESTER, District Judge.*

BATCHELDER, Circuit Judge.

Dr. John Nicklas appeals the order of the district court dismissing his claims, brought under 42 U.S.C. § 1983, alleging that the defendants, each of whom–like the plaintiff–is a medical doctor and an employee of the University of Michigan School of Medicine, denied him equal protection and substantive due process by re-taliating against him for his having filed a defamation action against various medical doctors and other employees of the University of Michigan School of Medicine. The district court granted the defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), holding that Nicklas had failed to state either an equal protection claim or a due process claim, and specifically holding that Nicklas's attempt to premise either an equal protection or a due process claim on a violation of the First Amendment failed because he did not claim that the defamation action involved matters of public concern. We will affirm the judgment, but we reach that result by a route somewhat different from that traveled by the district court.

In ruling on the defendants' Rule 12(b)(6) motion, the district court properly accepted the facts as pleaded in Nicklas's complaint, and we need not repeat them at any length here. Suffice it to say that Nicklas was involved in an apparently ugly dispute with various faculty members and employees of the University of Michigan School of Medicine, which resulted in his filing a defamation action against them in state court. Thereafter, Nicklas brought this action in federal court against these defendants, only one of whom was a defendant in the defamation action. Nicklas claims under 42 U.S.C. § 1983 that the defendants retaliated against him in a variety of ways for having brought the defamation action, and thereby denied him equal protection and deprived him of his liberty and property interests without due process of law;  he claims under 42 U.S.C. § 1985 that the defendants conspired to deny him equal protection of the law.

* The Honorable Karl S. Forester, United States District Judge, Eastern District of Kentucky, sitting by designation.

The district court noted that Nicklas had not alleged that he was a member of any suspect class, and that only in his brief in response to the defendants' motion to dismiss did Nicklas first mention either free speech or the First Amendment. Overlooking that deficiency, the court concluded that Nicklas was attempting to argue that the defendants had retaliated against him for his exercising his free speech rights under the First Amendment, and that he could not state such a claim because by Nicklas's own admission, his state court defamation action did not involve matters of public concern, but related only to Nicklas's individual circumstances. Relying on *Connick v. Myers,* 461 U.S. 138, 146–47, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983), *Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.,* 472 U.S. 749, 761, 105 S.Ct. 2939, 86 L.Ed.2d 593 (1985), and *Rendish v. City of Tacoma,* 123 F.3d 1216, 1221 (9th Cir.1997) ("If a public employee is retaliated against for filing a lawsuit, the public employee has no First Amendment claim unless the lawsuit involves a matter of public concern."), the district court held that Nicklas could not state a claim of denial of equal protection. Addressing the due process claim, the district court noted that Nicklas had specifically stated in his brief that he did not claim any procedural due process violation. The court concluded that the due process claim in Nicklas's complaint was premised only on state-created contract rights, and that Nicklas had not raised any due process claim premised on the First Amendment until he filed his brief opposing the defendants' motion to dismiss. Nevertheless, the court held that Nicklas could not state a claim of denial of substantive due process based on the First Amendment because his defamation action did not involve matters of public concern. The court dismissed the § 1985 claim, noting that Nicklas had conceded that he could not present any facts demonstrating

class discrimination. Finally, because it concluded that Nicklas could not state a claim upon which relief could be granted, the court declined to address the defendants' claims that they were entitled to qualified immunity.

Before us, Nicklas argues–for the first time–that his defamation action was an exercise of his First Amendment right to petition for the redress of grievances, and that it is not necessary that the content of such a petition involve matters of public concern. The defendants, understandably, object to such a recharacterization of the allegations of the complaint, but counter that even thus characterized, those allegations do not state a claim of denial of either equal protection or due process, and, furthermore, the defendants are entitled to dismissal because Nicklas has not alleged–and cannot allege–facts stating any claim as to which the defendants would not be entitled to qualified immunity.

We have carefully reviewed Nicklas's complaint and the state law defamation complaint, and we conclude that Nicklas cannot prevail in this appeal. We need not tackle the question of whether actions taken in retaliation for filing a lawsuit–whether viewed as a free speech or a right to petition issue–can ever constitute a denial of equal protection, although we note in passing that torturing that claim out of the complaint before us–as Nicklas would have us do–is no small feat. Neither is it necessary for us to decide whether, viewing Nicklas's claim as one of retaliation for exercising the right to petition, his claim must be premised on a petition involving matters of public concern. Nicklas cannot prevail because both his equal protection and due process claims are entirely dependent upon his First Amendment claim, however characterized; his complaint does not allege that the matters contained in

the defamation action were matters of public concern; and at the time the defendants engaged in the actions of which Nicklas now complains, it was not clearly established as a matter of law that a public employee's right to petition for redress of grievances not involving matters of public concern was protected by the First Amendment.

Nicklas filed his complaint in this action in June of 1999, complaining of activities of the defendants that occurred after he filed his defamation action in early 1998. The Supreme Court had not–and still has not–squarely addressed the issue of whether the public concern requirement is applicable to First Amendment retaliation claims brought by public employees premised on the Petition Clause. But every circuit to have squarely addressed the issue, save two, had held that the public concern requirement is applicable to First Amendment retaliation claims premised on the Petition Clause brought by public employees. *See, eg., Grigley v. City of Atlanta,* 136 F.3d 752, 755 (11th Cir.1998); *Rendish,* 123 F.3d at 1220; *Zorzi v. County of Putnam,* 30 F.3d 885, 896 (7th Cir.1994); *White Plains Towing Corp. v. Patterson,* 991 F.2d 1049, 1059 (2d Cir.1993); *Hoffmann v. Mayor, Councilmen and Citizens of Liberty,* 905 F.2d 229, 232–33 (8th Cir. 1990); *Rathjen v. Litchfield,* 878 F.2d 836, 842 (5th Cir.1989). The Third Circuit had held to the contrary in *San Filippo v. Bongiovanni,* 30 F.3d 424 (3d Cir.1994). And this circuit, in *Valot v. Southeast Local School District Board of Education,* 107 F.3d 1220 (6th Cir.1997), had addressed the issue in a splintered opinion in which the author of the lead opinion adopted the majority view, *id.* at 1226 (Engel, J.); one concurring/dissenting judge opined that although there was authority for that view, such an analysis was flawed, *id.* at 1230–31 (Ryan, J.); and one concurring/dissenting judge expressed the belief that the Third Circuit's view was correct, *id.* at 1234 (Merritt, J.).

We hold that because the law was not clearly established at the time, reasonable individuals in the position of these defendants would not have known that the actions of which Nicklas now complains violated his First Amendment right to petition for redress of grievances. We further hold that nothing else in Nicklas's complaint can be construed to state a claim cognizable under 42 U.S.C. § 1983.

## CONCLUSION

Accordingly, we **AFFIRM** the dismissal of the defendant's complaint.